UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. MARY ROOF,** <br><br> Plaintiff, <br><br> v. <br><br> **HOWARD UNIVERSITY** <br><br> And <br><br> **DR. IAN I SMART,** <br><br> Defendants. | C.A. No. 07-639 ESH |

**MOTION OF DEFENDANT IAN I. SMART FOR STAY OF DISCOVERY**

Defendant Ian I. Smart respectfully requests the Court grant him a stay of all discovery pending the filing and resolution of his dispositive motion that is to be filed no later than July 11, 2007.

Defendant Ian I. Smart filed a motion seeking additional time for filing an Answer or otherwise responding to the Complaint to and including July 11, 2007. Defendant Howard University filed a dispositive motion in response to the initial Complaint and will likely file a renewed Motion to Dismiss the Amended Complaint.

Preliminary review of the Amended Complaint reveals that::

1. There is no independent federal question jurisdictions for the claims against Dr Smart because he is not a proper defendant under Title VII. We submit the court may wish to defer a determination of whether to exercise supplemental jurisdiction over the

1

      claims against Professor Smart until after the resolution of Howard Univrsity's dispositive motion.

2.    The alleged events on which plaintiff asserts federal question jurisdiction occurred in January, 2006. Any claims against Professor Smart, individually, are that are based on the alleged events of January, 2006 and brought under the District of Columbia Human Rights Act are time barred. D.C. Code §2-1403.1.

3.    The remaining allegations against Professor Smart do not state a claim under the District of Columbia Human Rights Act.

4.    Howard argues that plaintiff's allegations are legally insufficient to state a hostile-environment claim against the University under Title VII. If the Court agrees with that argument, the Court will then have to address whether to exercise its discretion in asserting supplemental jurisdiction over claims brought against Professor Smart under the District of Columbia Human Rights Act under 28 U.S.C. §1367(c)(3).

In light of these deficiencies, we submit the court may very well grant Professor Smart's Motion to Dismiss and/or decline to exercise supplemental jurisdiction in the event that the Court finds Howard's Motion to Dismiss to be meritorious.

This Court has the power to grant this motion because the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998).

The Court should exercise its power to stay discovery for two reasons. Local Civil Rule 26.2(a) provides that, with certain exceptions that are inapplicable, "a party may not seek discovery

from any sources before the parties have conferred as required by Rule 26(f), F. R. CIV. P." Since the parties have not conducted their initial conference pursuant to Local Civil Rule 26.2(a) and Fed. R. Civ. P. 26(c), plaintiff's discovery requests appear to be premature.

Second, in the District of Columbia, it "is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. U.S. Attorneys Office*, 1992 WL 159186, at *1 (D. D.C. June 19, 1992). Since defendants will be filing motions to dismiss or for summary judgment that, if granted, will dispose of the case in its entirety, the court should stay discovery.

Further, it is unlikely that granting the motion to stay will cause any prejudice. *See Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C.

Finally, granting the defendant's motion for a stay "furthers the ends of economy and efficiency" because there will be no need for discovery if the court grants Professor Smart's dispositive motion. *Id.*

The undersigned counsel sought consent to this motion, but plaintiff did not consent.

WHEREFORE, defendant Ian Smart respectfully requests the Court stay discovery pending resolution of the dispositive motions.

Respectfully submitted,

/S/
John F. Karl, Jr.  292458
Karl & Tarone
900 17th Street, N.W.
Suite 1250
Washington, D.C. 20006
(202) 293-3200
Counsel for Defendant Ian I. Smart

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. MARY ROOF,** ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-639 ESH |
| ) | |
| v. ) | |
| ) | |
| **HOWARD UNIVERSITY** ) | |
| ) | |
| And ) | |
| ) | |
| **DR. IAN I SMART,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of the Motion of Defendant Ian Smart for Stay of Discovery Pending Resolution of Dispositive Motions and Memorandum of Points and Authorities in Support Thereof, the Opposition thereto, and the entire record herein, it is this ____ day of June, 2007, hereby

ORDERED that the Motion of Defendant Ian Smart should be, and hereby is, granted; and it is further

ORDERED that discovery is stayed pending resolution of the dispositive motions to be filed no later than July 11, 2007.

                                                                                 _____
                                                                                 Ellen S. Huvelle
                                                                                 U.S. District Judge

cc: BY ECF

    R. Scott Osward, Esquire
    The Employment Law Group P.C.
    888 17th Street, N.W
    Suite 900
    Washington, D.C. 20006
    Counsel for Plaintiff

    Daniel I. Prywes, Esquire
    Stacey T. Ormsby, Esquire
    BRYAN CAVE, LLP
    700 Thirteenth St., N.W.
    Suite 700
    Washington, D.C. 20005
    Counsel for Defendant Howard University

    John F. Karl, Jr.
    Karl & Tarone
    900 17th Street, N.W.
    Suite 1250
    Washington, D.C. 20006
    Counsel for Defendant Ian I. Smart