UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. MARY ROOF,                              )<br>                                                         )<br>         Plaintiff,                                  )<br>                                                         )<br>v.                                                      )   Case No. 1:07-cv-00639<br>                                                         )   Hon. Ellen S. Huvelle<br>                                                         )<br>HOWARD UNIVERSITY,                    )<br>                                                         )<br>and                                                   )<br>                                                         )<br>DR. IAN I. SMART,                            )<br>                                                         )<br>         Defendants.                            )<br>                                                         ) | |

**PLAINTIFF'S MOTION TO STRIKE EXHIBIT TO
DEFENDANT HOWARD UNIVERSITY'S REPLY MEMORANDUM
<u>IN FURTHER SUPPORT OF ITS MOTION TO DISMISS</u>**

Plaintiff Dr. Mary Roof ("Roof") moves this Honorable Court to strike the e-mail attached as Exhibit 1 to Defendant Howard University's ("Howard") reply memorandum in further support of its motion to dismiss. As grounds for this motion, Plaintiff respectfully submits the following:

On April 4, 2007, Plaintiff filed a complaint with this Court alleging racial discrimination against Defendant Howard in violation of Title VII of the Civil Rights Act of 1964, § 42 U.S.C. 2000e *et seq.* (2007) ("Title VII") and against Defendants Howard and Dr. Ian I. Smart ("Smart") in violation of the District of Columbia Human Rights Act, § 2-1401.01, *et seq.* (2007) ("DCHRA").

On May 23, 2007, Defendant Howard filed its motion to dismiss and for a stay of discovery. On June 6, 2007, Roof filed her amended complaint, including additional acts of harassment by Dr. Smart. On July 11, 2007, Howard filed its answer to Plaintiff's amended complaint, together with its motion to dismiss, or in the alternative, a motion for judgment on the pleadings, and for stay of discovery. In its Minute Order of the same day, July 11, 2007, this Court denied as moot Howard's May 23, 2007, motion to dismiss and for a stay of discovery.

On July 23, 2007, Plaintiff filed her opposition to Howard's motion to dismiss, or in the alternative, a motion for judgment on the pleadings, and for stay of discovery. On July 25, 2007, Plaintiff issued her notice of voluntary dismissal of co-Defendant Dr. Smart only. On July 25, 2007, Howard filed its reply in further support of its motion to dismiss and for a stay of discovery. Howard attached to its reply an exhibit that is the subject of this motion to strike.

## ARGUMENT

Plaintiff objects to Defendant Howard's attachment of Dr. Ian I. Smart's July 20, 2007, e-mail to its reply in further support of its motion to dismiss because the exhibit not only violates the Federal Rules of Civil Procedure, but it is also is irrelevant and unfairly prejudicial.

First, Plaintiff objects to Howard's attachment of the exhibit on grounds that it is improper under the Federal Rules of Civil Procedure and the jurisprudence of this Court. This Court has articulated that upon review of either a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings under Rule Fed. R. Civ. P. 12(c), the Court "may not rely on facts outside the pleadings." *See Fay v. Perles* 484 F. Supp. 2d 12, 13 (D.D.C. 2007) (citing *Kowal v. MCI Communications Corp.*, 16 F. 3d 1271, 1276 (D.C. Cir. 1994)).

Moreover, the Court of Appeals for the D.C. Circuit has articulated a rule that arguments and evidence will not be considered when raised for the first time in a reply brief. *See Kimberlin v. United States Dep't of Justice,* 318 F. 3d 228, 232 n. 4 (D.C. Cir. 2003). Despite the forgoing, in its reply in further support of its motion to dismiss, Howard attached as Exhibit 1 an e-mail dated July 20, 2007, from former Co-Defendant Dr. Ian I. Smart to Plaintiff Roof and nearly 50 of her colleagues, students, and superiors, as a means of having this Court consider the e-mail as evidence. The e-mail was never included in the pleadings and for this reason alone should be stricken.

      Plaintiff further objects to Howard's attachment of the e-mail based on the relevance of the e-mail to the subject matter of this litigation. Relevant evidence is "evidence having any tendency to make the existence of any fact that is *of consequence* to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). Former Co-Defendant Smart's e-mail apology to Plaintiff has no bearing on any fact of consequence to the determination of this action. Discriminatory conduct results in a hostile work environment when it is "so severe or pervasive that it create[s] a work environment abusive to employees because of their race, gender, religion, or national origin," thus offending "Title VII's broad rule of workplace equality." *Park v. Howard University*, 71 F.3d 904, 906 (D.C. Cir. 1995); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993).

      To constitute a hostile work environment, the conduct "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). An employer may be held liable for the harassment of one employee by a fellow employee (a non-supervisor) "if the employer knew or should have known of the harassment but

3

failed to implement prompt and appropriate corrective action." *Curry v. District of Columbia,* 195 F.3d 654, 660 (D.C. Cir. 1999) (citing *Faragher*, 524 U.S. at 799).  As such, the only issues at bar are whether Defendant Howard knew or should have known of Smart's discriminatory conduct, and whether in the face of such knowledge, Howard failed to implement corrective action.  Dr. Smart's July 20, 2007, apology to Dr. Roof is totally unrelated to Howard's notice of Smart's discriminatory conduct or its failure to act in the face of that conduct.  Because the e-mail does not have any tendency in reason to prove or disprove any of the causes of action alleged by the Plaintiff, it should be stricken.

Finally, Plaintiff objects to Howard's attachment of the e-mail on the grounds that it is unduly prejudicial.  The Federal Rules of Evidence make clear, by prescribing a balancing test, that relevancy is not the only test for admissibility of evidence.  In particular, the Rules provide that "[a]lthough relevant, evidence may be excluded if its *probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues*, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (emphasis added).  Therefore, evidence which meets the definition of "relevant evidence" under Rule 401, and is admissible under Rule 402 as logically relevant, may nonetheless be excluded under Rule 403.  *See U.S. v. Fonseca*, 435 F. 3d 369, 375 (D.C. Cir. 2006).

Even assuming, *arguendo*, that the Court finds the e-mail in question relevant, the potential unfair prejudice and confusion of issues that would result from the Court's consideration of it as evidence far outweighs its probative value.  In its reply in further support of its motion to dismiss, Howard states that "[d]ismissal is especially appropriate since Plaintiff has now dismissed Dr. Smart as a defendant, and Dr. Smart has concurrently publicly apologized to

4

Plaintiff (Exhibit 1) making a repetition of his conduct unlikely." *See* Reply at 2. Howard introduces this evidence to diminish Plaintiff's claims under Title VII and DCHRA. Indeed, Howard attaches the e-mail to imply that Plaintiff's claims are moot now that Dr. Smart has apologized for his actions. This argument is simply an improper attempt to prejudice the Plaintiff and confuse the issues before the Court, as a civil rights violation is not rendered moot by a discriminator's decision after suit is filed to offer an apology. Therefore, the e-mail should be stricken.

WHEREFORE, for the reasons stated above, Plaintiff Roof requests that this Court GRANT her motion to strike exhibit to Defendant Howard University's reply in further support of its motion to dismiss.

Respectfully submitted,

/s/ R. Scott Oswald
R. Scott Oswald, DC Bar No. 458859
Adam Augustine Carter, DC Bar No. 437381
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.net
acarter@employmentlawgroup.net
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2007, a true and correct copy of the foregoing Plaintiff Dr. Mary Roof's Motion to Strike Exhibit to Defendant Howard University's Reply Memorandum in Further Support of its Motion to Dismiss has been served upon the following via ECF:

Daniel I. Prywes, Esq.
BRYAN CAVE
700 Thirteenth Street, N.W.
Washington, D.C. 20005-3960

*Counsel for Defendant Howard University*

          /s/ R. Scott Oswald
          R. Scott Oswald