UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. MARY ROOF, | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Civil Action No. 1:07-CV-00639 (ESH) |
| HOWARD UNIVERSITY, | ) ) ) |
|     Defendant. | ) |

## DEFENDANT HOWARD UNIVERSITY'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant Howard University ("University") submits this memorandum in opposition to Plaintiff's motion to strike Exhibit 1 to the University's July 25, 2007 Reply Memorandum in further support of its motion for summary judgment.

That Exhibit consisted of a July 20, 2007 email in which Dr. Smart publicly apologized to Plaintiff Dr. Roof. Plaintiff voluntarily dismissed her claims against Dr. Smart several days later (July 25).

### ARGUMENT

Plaintiff's "motion to strike" should itself be stricken pursuant to Local Civil Rule 7(m), because Plaintiff's counsel failed to "discuss the anticipated motion with opposing counsel" before filing it. Plaintiff's counsel did not contact the University's counsel, as required, "in a good faith effort to determine whether there is opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." Local Civil Rule 7(m).

Since Plaintiff's counsel is an experienced litigator, his rush to file the "motion to strike" should not be excused. The University's counsel would be glad to discuss these issues in good faith.

Plaintiff never explains why she believes it would be "prejudicial" for the Court to know an undisputed fact that is now of public record at the University. Plaintiff concedes that Dr. Smart sent his apology to "nearly 50 of [Plaintiff's] colleagues, students, and superiors." (Pl. Mem. at 3.)

In actuality, Dr. Smart's apology on July 20, 2007 struck a raw nerve with Plaintiff because it undermines the contentions she made just one business day later in her July 23, 2007 Opposition to the University's motion to dismiss the Amended Complaint. In that Opposition, Plaintiff argued that the University is vicariously liable because of "Smart's ongoing harassment of Roof." (Pl. Opp. to Motion to Dismiss Amended Complaint, at 14, 17) (emphasis added). Plaintiff sought to portray this case as one unsuitable for dismissal because of ongoing harassment.

The University's Reply, however, demonstrated that when Plaintiff filed her brief, she already knew that Plaintiff and Dr. Smart had buried the hatchet, that there is no "ongoing harassment of Roof," and that Dr. Smart had already apologized making it unlikely that any alleged harassment would occur in the future.

As the University urged in its opening brief in support of its July 11, 2007 motion to dismiss (at 15-16), the cessation of allegedly "harassing" conduct (for whatever reasons) following an employee's complaint cannot lead to vicarious liability on the part of the employer because there is nothing more for the employer to "correct." Curry v. District of Columbia, 195 F.3d 654, 660-61 (D.C. Cir. 1999), *cert. denied*, 530 U.S. 1215 (2000); Jarvis v. Simatron International, Inc., 223 F. Supp. 2d 981, 987 (N.D. Ill. 2002) (employer is not liable when, after the plaintiff complained, the co-worker "did 'not really' bother her again"). Subsequent to Plaintiff's most recent complaint to the University in early April 2007 about Smart's emails, there have been no "offensive" emails sent

by Dr. Smart. His "apology" also undermines any claim for injunctive relief requested as requested in paragraph 67 of the Amended Complaint.

Given these issues, the apology is not "irrelevant" as Plaintiff now urges. Indeed, Plaintiff's argument is surprising since just days ago she was urging the Court to consider the "constellation of surrounding circumstances." (Pl. Opp. to Motion to Dismiss Amended Complaint, at 8.)

Plaintiff resorts to the technical argument that Dr. Smart's email is "outside the pleadings," and therefore improper for consideration under Fed. R. Civ. P. 12(b)(6) or 12(c). Plaintiff failed to consider that, under the Federal Rules of Evidence, the Court may take <u>judicial notice</u> in Rule 12(b)(6) motions of facts that are "generally known" or "capable of accurate determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b). *See* <u>Green v. Small</u>, 2006 U.S. Dist. LEXIS 2835 (D.D.C. 2006) (J. Huvelle) (where documents "are matters of public record, the Court's consideration of them here does not convert defendant's motion for dismissal into a motion for summary judgment governed under Rule 56"); 5B Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1357, at 376 (3d ed. 2004) ("Numerous cases . . . have allowed consideration of matters . . . subject to judicial notice . . . without converting the [rule 12(b)(6)] motion into one for summary judgment"). Since Plaintiff <u>concedes</u> that Dr. Smart sent the apology to nearly 50 others at the University (Pl. Mem. at 3), that email is both (a) "generally known" and (b) "capable of accurate determination" because its authenticity is conceded by Plaintiff, and therefore a proper subject of judicial notice. Plaintiff's technical ground for seeking the exclusion of Dr. Smart's email is invalid.

The Court may give the e-mail such consideration as it deems relevant to deciding the motion to dismiss, but there is no cause to strike that e-mail from the record.

## CONCLUSION

For the foregoing reasons, the Court should deny the motion.

                                          Respectfully submitted,

                                          /s/ Daniel I. Prywes

                                          Daniel I. Prywes (D.C. Bar No. 342394)
                                          Stacey Terry Ormsby (D.C. Bar No. 490995)
                                          BRYAN CAVE LLP
                                          700 Thirteenth Street, N.W., Suite 700
                                          Washington, D.C. 20005
                                          Phone: (202) 508-6000
                                          Fax:   (202) 220-7394

Dated: July 30, 2007                      Counsel for Defendant Howard University

## CERTIFICATE OF SERVICE

I hereby certify that, on July 30, 2007, I caused a true and correct copy of the foregoing Defendant Howard University's Memorandum in Opposition to Plaintiff's Motion to Strike to be served upon the following via ECF:

> R. Scott Oswald, Esq.
> Adam Augustine Carter, Esq.
> The Employment Law Group, P.C.
> 888 17th Street, N.W., Suite 900
> Washington, D.C. 20006
>
> *Counsel for Plaintiff*
>
> John F. Karl, Jr., Esq.
> Karl & Tarone
> Suite 1250
> 900 Seventeenth Street, N.W.
> Washington, D.C. 20006
>
> *Counsel for Dismissed Defendant Ian Smart, Ph.D.*
>
> _____
> Daniel I. Prywes