UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. MARY ROOF, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:07-cv-00639 |
|  | ) Hon. Ellen S. Huvelle |
| HOWARD UNIVERSITY, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE EXHIBIT TO DEFENDANT HOWARD UNIVERSITY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS[1]**

COMES NOW the Plaintiff, by and through counsel, and respectfully submits this reply in support of Plaintiffs' motion to strike exhibit to Defendant Howard University's ("Howard") reply memorandum in further support of its motion to dismiss.

**ARGUMENT**

In its memorandum in opposition to Plaintiff's motion to strike, Defendant Howard twists law and logic to persuade this Court to admit Exhibit 1 to Howard's reply memorandum in further support of its motion to dismiss.

First, although the Defendant is accurate in stating that counsel for Plaintiff initially failed to confer with opposing counsel according to Local Rule 7(m), such a failure should not be

---

[1] In Defendant Howard University's memorandum in opposition to Plaintiff's motion to strike, Defendant submits its memorandum "in further support of its motion for summary judgment." *See* Opp. to Motion to Strike at 1. At no time has Howard sought summary judgment; its motion to which Plaintiff responded was a motion to dismiss, or in the alternative, a motion for judgment on the pleadings and for a stay of discovery.

fatal to Plaintiff's motion to strike. Lead counsel for Plaintiff was out of town when Plaintiff's motion to strike was filed. When lead counsel for Plaintiff became aware of the unfortunate oversight, Plaintiff's lead counsel conferred with counsel for Howard regarding the possibility of removing the exhibit from the reply memorandum. *See* E-mail exchange between Adam Carter and Daniel Prywes, attached hereto as Exhibit 1. Despite both this good faith effort and Howard's claim that "[t]he University's counsel would be glad to discuss these issues in good faith," see Opp. to Motion to Strike at 2, opposing counsel immediately declined. *See* Ex. 1. In so doing, opposing counsel squelched any possibility of further discussion on the matter. The undersigned apologizes to opposing counsel and the Court for his oversight of the local rule, but it seems that no discussion would have been useful or fruitful in avoiding this motion.

     Second, Howard argues erroneously that this Court may take judicial notice of Exhibit 1 (Dr. Smart's e-mail apology) because it is "both (a) 'generally known' and (b) 'capable of accurate determination because its authenticity is conceded by Plaintiff. . . . .'" *See* Opp. to Motion to Strike at 3. Contrary to Howard's assertion, Dr. Smart's e-mail *is not* "generally known within the territorial jurisdiction of the trial court." Fed. R. Evid. 201(b). Indeed, facts considered to be generally known include, among others, census data, court records, economic facts, financial facts, geographic facts, historical facts, political facts, statistics, weather and climate. *See* 21B Wright & Miller, *Federal Practice and Procedure 2d*, § 5106.3 (2d ed. 2007). Clearly, a private e-mail sent to select individuals within a private university community does not fall within the universe of facts considered to be "generally known." Also contrary to Howard's claims, Dr. Smart's e-mail is not necessarily "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Despite Howard's assertion, see Opp. to Motion to Strike at 3, Plaintiff never

conceded to the authenticity of the e-mail in her motion to strike.  Moreover, sources whose accuracy cannot be reasonably disputed generally include, among others, almanacs, calendars, census data, dictionaries, encyclopedias, and the like.  *See* 21B Wright & Miller, *Federal Practice and Procedure 2d*, § 5106.2 (2d ed. 2007).  An unauthenticated copy of an e-mail does not fall within the universe of sources whose accuracy cannot be reasonably questioned.

Howard further implies that Dr. Smart's e-mail apology is a public record of which the Court should take judicial notice.  *See* Opp. to Motion to Strike at 3.  To support this misguided notion, Howard misapplies *Green v. Small* to the instant case.  *See* 2006 WL 148740 at * 6 n. 4 (D.D.C. 2006) (Huvelle, J.).  Howard asserts that because the Court in *Green* looked outside the pleadings to resolve a 12(b)(6) motion, so too it should here.  *See* Opp. to Motion to Strike at 3.  In *Green*, this Court determined that it could take judicial notice of EEOC documents that were outside of the pleadings because they were "matters of public record."  *See* 2006 WL 148740 at * 6 n. 4.  Dr. Smart's e-mail apology to fewer than fifty individuals within a local, private university is hardly a matter of public record.

Even if this Court finds that it may take judicial notice of Dr. Smart's e-mail, Plaintiff is entitled to an opportunity to be heard before such notice is taken.  *See* Fed. R. Civ. P. 201(e) ("[a] party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed.").

Third, and finally, Howard maintains that Dr. Smart's e-mail apology "undermines any claim for injunctive relief requested as requested in paragraph 67 of the Amended Complaint."  *See* Opp. to Motion to Strike at 3.  An apology alone does not constitute all of the injunctive relief Plaintiff requests or to which Plaintiff is entitled.  Plaintiff does not request injunctive relief in the form of a mere apology from Dr. Smart.  As appropriate with a hostile work

environment claim, Plaintiff asks, among other things, that Howard take corrective action against Smart for his acts of race-based harassment.

        Respectfully submitted,

        /s/ Adam Augustine Carter
        R. Scott Oswald, DC Bar No. 458859
        Adam Augustine Carter, DC Bar No. 437381
        The Employment Law Group, P.C.
        888 17th Street, NW, Suite 900
        Washington, D.C. 20006
        (202) 261-2806
        (202) 261-2835 (facsimile)
        soswald@employmentlawgroup.net
        acarter@employmentlawgroup.net
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2007, a true and correct copy of the foregoing Plaintiff Dr. Mary Roof's Reply in Support of Plaintiff's Motion to Strike Exhibit to Defendant Howard University's Reply Memorandum in Further Support of its Motion to Dismiss has been served upon the following via ECF:

Daniel I. Prywes, Esq.
BRYAN CAVE
700 Thirteenth Street, N.W.
Washington, D.C.  20005-3960

*Counsel for Defendant Howard University*

/s/ Adam Augustine Carter
Adam Augustine Carter

# EXHIBIT 1

Case 1:07-cv-00639-ESH    Document 26-2    Filed 08/08/2007    Page 1 of 2

# Cynthia Smith

**From:** Prywes, Daniel I. [Daniel.Prywes@bryancave.com]
**Sent:** Tuesday, August 07, 2007 3:15 PM
**To:** Cynthia Smith; Adam Augustine Carter
**Cc:** R. Scott Oswald
**Subject:** RE: Roof/Howard: Motion to Strike (on behalf of Adam Augustine Carter)

No, since I had go to the trouble and expense of opposing your motion which in my view was meritless and a big waste of time.

---

**From:** Cynthia Smith [mailto:csmith@employmentlawgroup.net]
**Sent:** Tuesday, August 07, 2007 3:13 PM
**To:** Prywes, Daniel I.
**Cc:** R. Scott Oswald; Adam Augustine Carter
**Subject:** Roof/Howard: Motion to Strike (on behalf of Adam Augustine Carter)

Mr. Prywes:
I am writing to inquire whether you will agree to remove Exhibit 1 (Dr. Smart's e-mail apology) to Howard's reply in further support of its motion to dismiss. If you are so willing, I will withdraw our motion to strike the exhibit. Please let me know in the next 24 hours. I can be reached via phone at: (202) 261-2803 and via e-mail at acarter@employmentlawgroup.net.
Thank you,
Adam

Cynthia Smith | Legal Assistant
| csmith@employmentlawgroup.net



888 17th Street, NW, Suite 900
Washington, D.C. 20006-3307

Ph: 202.331.2883
Fax: 202.261.2835

Confidentiality Notice

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

8/7/2007